IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIO-RAD LABORATORIES, INC., THE UNIVERSITY OF CHICAGO, and LAWRENCE LIVERMORE NATIONAL SECURITY LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>DROPWORKS, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 20-cv-506-RGA<br>)<br>)  **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>) |

## **SCHEDULING ORDER**

This __5__ day of _____August_____, 2020, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

    1.    <u>Rule 26(a)(l) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five days of the date of this Order.

    2.    <u>Joinder of Other Parties and Amendment of Pleadings.</u> Plaintiffs will file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) to assert U.S. Patent No. 9,056,289 and to add as a plaintiff President and Fellows of Harvard College by **August 17, 2020**. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 5, 2021**.

1

3. <u>Discovery.</u>

a. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **September 30, 2021.**

b. <u>Document Production.</u> Document production shall be substantially complete by **June 18, 2021**.

c. <u>Requests for Admission.</u> A maximum of **fifty (50)** requests for admission are permitted for each side.

d. <u>Interrogatories</u>. A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side.

e. <u>Depositions.</u>

i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **seventy (70)** hours of taking testimony by deposition upon oral examination.

ii. <u>Location of Depositions.</u> Depositions shall take place at a location convenient for the witnesses and acceptable to the parties within the continental United States. To the extent either party seeks to depose a party witness who is located outside the United States, the witness will be made available at a location within the United States that is convenient for the witness and acceptable to the parties.

f. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief

shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g.  Initial Patent Litigation Discovery.

i.  On or before **September 3, 2020**, pursuant to paragraph 4(a) of the Default Standard, Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

ii.  On or before **October 5, 2020**, pursuant to paragraph 4(b) of the Default Standard, Defendant shall produce to Plaintiffs the core technical documents related to the accused products, including but not limited to operation manuals, product literature, schematics, and specifications.

iii.  On or before **November 4, 2020**, pursuant to paragraph 4(c) of the Default Standard, Plaintiffs shall produce to Defendant an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      iv.  On or before **December 4, 2020**, pursuant to paragraph 4(d) of the Default Standard, Defendant shall produce to Plaintiffs its initial invalidity contentions for each asserted claim, as well as the known related invalidating references (e.g., publications, manuals, and patents).

    h.  <u>Related Litigations</u>

      i.  <u>Pending and Completed Litigations</u>. U.S. Patent No. 8,304,193 (the "'193 Patent") is asserted in *Bio-Rad Laboratories, Inc. et al. v. 10X Genomics Inc.*, Case No. 1:15-cv-00152-RGA (D. Del.), which is on appeal to the Federal Circuit. The 193 Patent was challenged in an *inter partes* review titled *10X Genomics, Inc. v. the University of Chicago*, Case No. IPR2015-01163, which is completed. The 193 Patent was also subject to an *ex parte reexamination,* Control No. 90/014,043, which is completed. U.S. Patent No. 9,127,310 (the "'310 Patent") is asserted in *Bio-Rad Laboratories, Inc. et al. v. Stilla Technologies, Inc. et al.*, Case No. 1:19-cv-11587-WGY (D. Mass.), which is currently pending. U.S. Patent No. RE41,780 (the "'780 Patent") is asserted in *Bio-Rad Laboratories, Inc. et al. v. Stilla Technologies, Inc. et al.*, Case No. 1:19-cv-11587-WGY (D. Mass.), which is currently pending. U.S. Patent No. RE43,365 (the "'365 Patent") is asserted in *Bio-Rad Laboratories, Inc. et al. v. Stilla Technologies, Inc. et al.*, Case No. 1:19-cv-11587-WGY (D. Mass.), which is currently pending.

      ii.  <u>Plaintiffs' Expectation of Further Litigation</u>. Plaintiffs will seek to amend the complaint in this matter to add U.S. Patent No. 9,056,289 (the "'289 Patent") as an asserted patent, and President and Fellows of Harvard College as a plaintiff. The 289 Patent has not been involved in any pending or completed litigations. Plaintiffs otherwise do not currently

anticipate instituting further litigation in this or other Districts within the next year.

                iii.      <u>Defendant's Expectation and Timing of Related IPRs</u>. Defendant is considering whether to petition the PTAB to institute *inter partes* review proceedings regarding the patents asserted in this litigation but has not yet made a final determination.

                iv.      <u>Asserted Patents Subject to License or Settlement Agreement</u>. Plaintiffs are complying with the requirement to provide Defendant with any licenses and/or settlement agreements covering the asserted patents no later than the time of the initial Rule 16(b) scheduling conference.

    4.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    5.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.     Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.     Claim Construction Issue Identification.  On or before **March 1, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **March 8, 2021**.  The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8.  <u>Claim Construction Briefing</u>[1]. Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on **April 2, 2021**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **April 28, 2021**. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on **May 12, 2021**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,500 words, on **May 28, 2021**. No later than **June 1, 2021**, the parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

## JOINT CLAIM CONSTRUCTION BRIEF

I.       Representative Claims

II.      Agreed-upon Constructions

III.     Disputed Constructions

    A.     [TERM 1][2]

        1.     Plaintiffs' Opening Position
        2.     Defendant's Answering Position
        3.     Plaintiffs' Reply Position
        4.     Defendant's Sur-Reply Position

    B.     [TERM 2]

        1.     Plaintiffs' Opening Position
        2.     Defendant's Answering Position
        3.     Plaintiffs' Reply Position
        4.     Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.     <u>Hearing on Claim Construction.</u> Beginning at **9:00 a.m.** on **June 17, 2021**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim

---

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

  10.  Disclosure of Expert Testimony.

    a.  Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 29, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 30, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **December 20, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **January 28, 2022**.

    b.  Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm.*, *Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise

ordered by the Court.

11.     Case Dispositive Motions. All case dispositive motions shall be served and filed on or before **February 11, 2022**.   No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions.

12.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.     Pretrial Conference.  On **June 10, 2022**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **10:00 a.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14.     Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum

of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions. Voir Dire. and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.l, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference.  Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial.</u> This matter is scheduled for a five (5) day[3] jury trial beginning at 9:30 a.m. on **June 20 2022**, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

---

[3] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different

18. Service by E-Mail. The parties consent to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by e-mail shall be made on both Delaware and Lead counsel for that party.

    /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

---

length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.