# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIO-RAD LABORATORIES, INC., THE UNIVERSITY OF CHICAGO, LAWRENCE LIVERMORE NATIONAL SECURITY LLC, and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiffs,<br><br>   v.<br><br>DROPWORKS, INC.,<br><br>        Defendant. | C.A. No. 1:20-cv-00506-RGA |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THE THIRD AMENDED COMPLAINT

OF COUNSEL:
Daralyn J. Durie
Eugene Novikov
Andrew L. Perito
Eneda Hoxha
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300
ddurie@durietangri.com
enovikov@durietangri.com
aperito@durietangri.com
ehoxha@durietangri.com

Kira A. Davis
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
Telephone: 213-992-4499
Facsimile:  415-236-6300
kdavis@durietangri.com

Dated:  January 6, 2021

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Defendant*
*DROPWORKS, INC.*

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | NATURE AND STAGE OF THE PROCEEDINGS | 2 |
| III. | SUMMARY OF ARGUMENT | 3 |
| IV. | STATEMENT OF FACTS | 4 |
| V. | ARGUMENT | 6 |
|  | A. Plaintiffs' Delay and Failure to Explain That Delay Supports Denial of Leave to File the Third Amended Complaint | 8 |
|  | B. Unfair Prejudice to Dropworks Supports Denial of Leave to File the Third Amended Complaint | 11 |
| VI. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ...................................................................................................7

*Arthur v. Maersk, Inc.*,
   434 F.3d 196 (3d Cir. 2006)......................................................................................................7

*Bio-Rad Laboratories, Inc. et al. v. 10X Genomics Inc.*,
   C.A. 15-00152-RGA (D. Del.)..................................................................................................9

*Bjorgung v. Whitetail Resort, LP*,
   550 F.3d 263 (3d Cir. 2008)......................................................................................................7

*Cot'n Wash, Inc. v. Henkel Corp.*,
   56 F. Supp. 3d 613 (D. Del. 2014).............................................................................................8

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
   252 F.3d 267 (3d Cir. 2001)................................................................................................7, 12

*Del. Display Grp. LLC v. Lenovo Grp. Ltd.*,
   No. 13-2108-RGA, 2016 WL 720977 (D. Del. Feb. 23, 2016)................................7, 8, 10, 12

*Dole v. Arco Chem. Co.*,
   921 F.2d 484 (3d Cir. 1990)......................................................................................................6

*Fatir v. Dowdy*,
   No. 95-677-GMS, 2002 WL 2018824 (D. Del. Sept. 4, 2002).......................................7, 8, 10

*In re Fisker Auto. Holdings, Inc. S'holder Litig.*,
   No. 13-2100-CFC, 2018 WL 5113964 (D. Del. Oct. 12, 2018) ...............................................8

*Foman v. Davis*,
   371 U.S. 178 (1962)..................................................................................................................6

*Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*,
   No. 15-819-LPS-CJB, 2017 WL 634642 (D. Del. Feb. 16, 2017) ...................................13, 14

*Semiconductor Energy Lab. Co. v. Sanyo N. Am. Co.*,
   No. 00-018-GMS, 2001 WL 194303 ................................................................................10, 13

*Sonos, Inc. v. D&M Holdings Inc.*,
   No. 14-1330-RGA, 2017 WL 476279 (D. Del. Feb. 3, 2017)..................................................7

**Rules**

Fed. R. Civ. P. 15 .................................................................................................3, 6, 7, 9

RLF1 24580258v.1

I.        **PRELIMINARY STATEMENT**

Defendant Dropworks, Inc. opposes Plaintiffs' motion for leave to file a ***fourth*** complaint on the basis of undue delay and prejudice. Months ago, while seeking to file their third complaint, Plaintiffs represented to this Court that they were done looking for patents to add to this case, and the case schedule was set on that basis. The patents that Plaintiffs seek to add are not new—Plaintiff Bio-Rad previously asserted one against another defendant in another suit—and had Plaintiffs wanted to preserve the option to add them to this case, they should have said so. Instead, in August, when Plaintiffs prepared to file their third complaint, they said the opposite: "Plaintiffs will seek to amend the complaint in this matter to add U.S. Patent No. 9,056,289"—the patent added in that amendment—but "Plaintiffs otherwise do not currently anticipate instituting further litigation in this or other Districts within the next year." D.I. 21 at ¶ 3.h.ii. In reliance on that assertion, Dropworks agreed to a case schedule that provided time for the orderly filing of IPR petitions (which Dropworks forthrightly explained were under consideration) and, should the petitions be instituted, the ability to seek a stay in advance of incurring the expenses associated with the bulk of deposition discovery and expert reports. Since then, the parties have served initial infringement and invalidity contentions and claim construction exchanges are set to begin soon. Also since then, as it said it would do, Dropworks has been preparing *inter partes* review petitions against the five patents already asserted against it and has filed multiple of those petitions.[1]

It was only at that point, ***after*** the Court had entered a case schedule, and ***after*** Dropworks had filed the first three IPR petitions, that Plaintiffs said that they intended to again

---

[1] Dropworks filed three of its five petitions by November 18. *See* D.I. 42, 44. Dropworks filed a fourth petition on December 8, *see* D.I. 55, and anticipates filing the fifth petition soon.

amend their complaint to add even more patents, necessarily delaying the point at which there could be an institution decision on all the patents-in-suit and otherwise further complicating this already-large case.  This case is set for a presumptive five-day jury trial, and yet, if amendment is permitted, will involve seven patents from multiple unrelated patent families.  And while Plaintiffs have suggested that they could not have moved earlier because they needed time to carefully review discovery, the record is to the contrary.  At a minimum, Plaintiffs should have alerted Dropworks and the Court that further amendments might be forthcoming so that the parties could have planned for that possibility in the case schedule.

Finally, Dropworks offered to ameliorate this prejudice by agreeing to the amendment if Plaintiffs would agree that the case could be stayed upon favorable institution decisions relating to any of the patents already in the case, and would not rely on the patents at issue in this most recent proposed amendment in opposing a stay.  Plaintiffs refused, making their motivations for this most recent round of proposed amendments clear.  Plaintiffs' undue delay in the face of their explicit representations to this Court, and the prejudice that will flow from it, is a sufficient reason to deny Plaintiffs leave to amend.

II.     **NATURE AND STAGE OF THE PROCEEDINGS**

This case began in April 2020, when Plaintiffs Bio-Rad Laboratories, Inc. and the University of Chicago filed suit alleging that Dropworks was infringing two patents, U.S. Patent Nos. 8,304,193 (the "'193 patent") and 9,127,310 (the "'310 patent"), by developing and using its product, the Continuum Digital Assay Platform (the "Continuum System").  D.I. 1 ¶ 16.  Two months later, Plaintiffs announced their intent to file the First Amended Complaint to add an additional plaintiff and two more patents: U.S. Patent Nos. RE41,780 (the "'780 patent") and RE43,365 (the "'365 patent").  Dropworks consented to the amendment, D.I. 12, and the amended complaint, asserting four patents total, was filed on July 6, 2020.  D.I. 14.  Later that

month, on July 29, 2020, while negotiating a case schedule, Plaintiffs announced that they again wanted to amend their complaint to add a fourth plaintiff and a fifth patent, U.S. Patent No. 9,056,289 (the "'289 patent"). Declaration of Eugene Novikov ("Novikov Decl.") Ex. 1. Plaintiffs offered no explanation as to why they could not have included the '289 patent in the First Amended Complaint. Dropworks declined to stipulate to the amendment but, because the first amendment was by stipulation, Plaintiffs were entitled to file the second amendment as of right under Fed. R. Civ. P. 15(a)(1), and thus Dropworks did not oppose the amendment. Plaintiffs filed the Second Amended Complaint on August 12, 2020 under Fed. R. Civ. P. 15(a)(1). *See* Pls. Br. (D.I. 50) at 3. A case schedule was entered on August 5, 2020, D.I. 22, and discovery then began. Plaintiffs served their initial infringement contentions on November 4, 2020, and Dropworks served its initial invalidity contentions on December 4, 2020. D.I. 22 at ¶ 3.g.iii–iv; D.I. 43; D.I. 47. Dropworks has filed four IPR petitions to date: one on October 22, two on November 18, and one on December 8, 2020. D.I. 42, 44, 55. On November 20, 2020, Plaintiffs indicated that they wanted to add even more patents to the case. Ansley Decl. (D.I. 51) Ex. 3. This motion concerns that proposed amendment. Claim terms for construction are set to be exchanged on March 1, 2021. *See generally* D.I. 22. The case is set for jury trial beginning on June 20, 2022, with a presumptive length of five days. *Id.* at ¶ 16.

### III. SUMMARY OF ARGUMENT

The Court should, pursuant to Fed. R. Civ. P. 15(a), deny Plaintiffs' motion for leave to amend their complaint to add to this case patents that Plaintiffs have long known about and did not seek to add during their first two amendments, as Plaintiffs' delay is unexplained, undue, and would result in prejudice to Dropworks.

IV.	**STATEMENT OF FACTS**

This case relates to technology for use in performing digital polymerase chain reaction ("PCR"), *i.e.*, the performance of PCR reactions in micro-droplets. Digital PCR is a method of quantitatively measuring DNA or RNA by counting the number of individual DNA or RNA molecules present in a sample. D.I. 33 at 1. Defendant Dropworks is a small, pre-public life sciences start-up working towards a better digital PCR platform. *Id.* at 1–2.

As of their Second Amended Complaint, Plaintiffs assert that Dropworks's Continuum System infringes five patents. D.I. 27 at ¶ 2. As Plaintiffs were preparing to file the operative Second Amended Complaint, Plaintiffs affirmatively represented to the Court and Dropworks that they did not intend to make further amendments:

> **Plaintiffs' Expectation of Further Litigation**. Plaintiffs will seek to amend the complaint in this matter to add U.S. Patent No. 9,056,289 (the "'289 Patent") as an asserted patent, and President and Fellows of Harvard College as a plaintiff. The 289 Patent has not been involved in any pending or completed litigations. ***Plaintiffs otherwise do not currently anticipate instituting further litigation in this or other Districts within the next year***.

D.I. 21 at ¶ 3.h.ii. (emphasis added); *see also* D.I. 22 at ¶ 3.h.ii. Plaintiffs did not say that they needed discovery to determine whether to assert other patents in their portfolio. For its part, Dropworks stated that it was "considering whether to petition the PTAB to institute *inter partes* review proceedings regarding the patents asserted in this litigation but has not yet made a final determination." D.I. 21 at ¶ 3.h.iii.

On October 5, 2020, pursuant to the Scheduling Order (D.I. 22 at 3) and Paragraph 4(b) of the Delaware Default Standard for Discovery, Dropworks made its production of core technical documents related to the Continuum System. Later that month, on October 22, 2020, Dropworks filed a petition for *inter partes* review ("IPR") of the '193 patent, Case No. IPR2021-00100. D.I. 42. On November 4, 2020, pursuant to the Scheduling Order, Plaintiffs served their

4

infringement contentions for the five asserted patents, making use of the confidential information produced by Dropworks in its core technical document production. *See* Ansley Decl. Ex. 3 at 2–3. Plaintiffs did not say at that time that they intended to add any other patents to the case. *Id.* Dropworks then filed IPR petitions for the '310 and '780 patents on November 18, 2020, Case Nos. IPR2021-00212 ('310 patent) and IPR2021-00218 ('780 patent).[2] D.I. 44.

Two days later, on Friday, November 20, 2020, Plaintiffs announced their intent to inject three additional patents to this case through the Third Amended Complaint: U.S. Patent Nos. 8,822,148 (the "'148 patent"), 9,132,394 (the "'394 patent"), and 8,889,083 (the "'083 patent"). Ansley Decl. Ex. 3 at 1. Aside from a bare statement that the proposed amendment was "[b]ased on our review of Dropworks document production," Plaintiffs did not explain why these three patents should be added to the case. *Id.* Confirming that a diligent review of discovery was ***not*** the explanation for the addition, two business days later, on November 24, 2020, Plaintiffs *sua sponte* withdrew their proposal to assert the '083 patent because Plaintiffs had no good faith infringement position. Hence, the proposed Third Amended Complaint would add two patents, for a total of seven patents. Ansley Decl. Ex. 1. Plaintiffs also proposed to amend the complaint to list out all the claims asserted by Plaintiffs in their infringement contentions, but there, too, Plaintiffs' proposed amendment demonstrated an overall lack of diligence. With respect to the asserted '365 patent, Plaintiffs proposed to allege that Dropworks was infringing "at least claims 10-17, 19, 21-25, 27-30, 32-43, 45, 47-53, 55-56, and 58," Novikov Decl. Ex. 2 at 18, even though the bulk of those claims do not exist, as many of those claims of the '365 patent were long ago replaced via a Certificate of Correction. *See* Ansley Decl. Ex. 4 at 3; D.I. 27-4 at 18.

---

[2] Dropworks also filed an IPR petition for the '365 patent on December 8, 2020, Case No. IPR2021-00302. D.I. 55.

Dropworks did not consent to the amendment and pointed Plaintiffs to their prior representation that they were done adding patents to this case. Ansley Decl. Ex. 4. Dropworks also challenged Plaintiffs' implied assertion that the amendments were based on non-public information about the Continuum System, noting that Plaintiffs had previously asserted the '148 patent against a different defendant without the benefit of non-public information and had asserted the closely-related '193 patent against Dropworks in this case, again without any non-public information. *Id.* at 2. Dropworks explained how Plaintiffs' delayed attempt to expand the scope of this case would result in prejudice to Dropworks in view of the case schedule. Finally, Dropworks offered to agree to the amendment if Plaintiffs would agree to a stay of this case upon institution of any of Dropworks's IPR petitions, to avoid that prejudice. *Id.* at 3. Plaintiffs rejected Dropworks's offer and filed this motion.

V.     ARGUMENT

Plaintiffs' request for leave to amend their complaint for the third time is governed by Rule 15, which provides that where, as here, the amendment is not as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The Supreme Court and the Third Circuit have made clear that factors that "may weigh against amendment . . . include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The decision to grant or deny leave to amend lies within the discretion of the court. *Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-RGA, 2017 WL 476279, at *1 (D. Del. Feb. 3, 2017).

Plaintiffs argue that the fact that they are seeking leave prior to the February 5, 2021 deadline for leave to amend "should preclude a finding of undue delay, bad faith, or dilatory motive," Pls. Br. at 6, but that is not the law. Rather, "[j]ust as a motion filed after the deadline could be filed without undue delay, so too could undue delay exist when a motion is filed before the deadline." *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, No. 13-2108-RGA, 2016 WL 720977, at *8 (D. Del. Feb. 23, 2016); *see also, e.g.*, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (rejecting argument that a motion made by the deadline to amend is "presumptively timely" because argument that a district court would, by setting a schedule, lose its Rule 15 discretion was both illogical and unsupported). "[T]he question of undue delay requires that [the court] focus on the ***movant's*** reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (emphasis added). "The Third Circuit has advised that '[d]elay becomes "undue", and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend.'" *Del. Display Grp. LLC*, 2016 WL 720977, at *9 (quoting *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008)). "[I]f the requested amendment is based upon facts known to the plaintiff at the time the previous complaint was amended, the amendment is disfavored." *Fatir v. Dowdy*, No. 95-677-GMS, 2002 WL 2018824, at *7 (D. Del. Sept. 4, 2002). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Del. Display Grp. LLC*, 2016 WL 720977, at *9 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). The failure to provide a reason for delay "is sufficient to justify denial of a motion for leave to amend." *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, No. 13-2100-CFC, 2018 WL 5113964, at *6 (D. Del. Oct. 12, 2018); *see also Cot'n Wash, Inc. v.*

*Henkel Corp.*, 56 F. Supp. 3d 613, 621 (D. Del. 2014) ("Given the lack of proper justification for defendants' failure to move to amend to add counterclaims sooner, defendants' delay is undue in this regard.").

### A. Plaintiffs' Delay and Failure to Explain That Delay Supports Denial of Leave to File the Third Amended Complaint

Plaintiffs have offered no cogent explanation for why they could not have sought to add additional patents to this case earlier in the process, or at least made clear earlier than they did that they might do so in the future. Because the focus is on Plaintiffs' reasons for not amending sooner, and Plaintiffs have no good reason, the delay is undue. *See Del. Display Grp. LLC*, 2016 WL 720977, at *9; *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2018 WL 5113964, at *6; *Cot'n Wash, Inc.*, 56 F. Supp. 3d at 621; *Fatir*, 2002 WL 2018824, at *7.

As an initial matter, Plaintiffs' attempt to explain away their representation that they did not then anticipate adding more patents does not withstand scrutiny. Plaintiffs now argue that their representation included some wiggle room for a future change in events, but the import of Plaintiffs' representation was clear. To be sure, Dropworks knew that it had not yet produced discovery, but Plaintiffs knew that as well, and Plaintiffs knew that they owned more patents (including the '148 patent and the '394 patent, issued in 2014 and 2015 respectively). Nevertheless, knowing those facts, Plaintiffs chose to make the affirmative representation that they did not plan to add any more patents to this case. If they meant the opposite, they should have said so—or said that they were still considering their options, or even said nothing at all. Given that Dropworks had at this point already refused to stipulate to the Second Amended Complaint because it added yet another patent to this already complicated case, Plaintiffs could not have reasonably believed that Dropworks interpreted Plaintiffs' representation in the manner

8

set forth in Plaintiffs' brief.[3]

Plaintiffs' revisionist interpretation makes particularly little sense in the context of the '148 patent, which was involved in a litigation discussed in the same scheduling order, *Bio-Rad Laboratories, Inc. et al. v. 10X Genomics Inc.*, C.A. 15-00152-RGA (D. Del.), *see* D.I. 21 at ¶ 3.h.i., in which the '148 patent had been asserted in the opening complaint. *See* Novikov Decl. Ex. 3. Apparently as of that date Plaintiffs were considering whether to assert the '148 patent and yet represented that they had no plans, whether contingent or not, to add it to this case.

Nor is it plausible that Plaintiffs in fact were waiting on discovery to assess whether they had a basis to assert the '148 patent. In the litigation against 10x Genomics, the '148 patent was included in the opening complaint, without the need for any discovery. *Id*. And the '148 patent is closely related to the currently-in-suit '193 patent—it issued from a continuation of the application leading to the '193 patent, *see* D.I. 51-2 at Exhibit X—and the structural features of the asserted claims of the '148 patent are similar to the asserted claims of the '193 patent. Plaintiffs argue that "Dropworks's documents disclosed specific details on droplet size and confirmed that Dropworks uses the Continuum System such that at least one droplet contains a single target DNA molecule, which is claimed by the '148 Patent," Pls. Br. at 7, but parsed carefully, that is an admission that Plaintiffs *already* had sufficient information to assert the '148 patent, which information was "confirmed" by discovery. That is hardly surprising, as information about the droplet size of the Continuum System is publicly available. For example, Dropworks's website, which Plaintiffs relied on in their initial complaint (*see* D.I. 1 at ¶ 11), discloses that the Continuum System's droplets are less than 200 micrometers. Novikov Decl.

---

[3] Because Plaintiffs had not used their amendment as of right under Fed. R. Civ. P. 15(a)(1), they were able to amend without Dropworks's consent.

Ex. 4 (disclosing that the Continuum System uses 30,000 droplets per 25 μL sample, equating to an 833 pL maximum droplet volume, which is about 116 μm in size). That droplet digital PCR requires distributing analytes into droplets in accordance with a Poisson distribution is also common knowledge in the field and requires no confirmation by confidential technical documents. Dropworks laid all of this out in its letter objecting to Plaintiffs' request for leave to amend, *see* Ansley Decl. Ex. 4 at 2, and Plaintiffs, in their brief, do not dispute that they could have included the '148 patent in any one of the three complaints prior to this one. In sum, "there was no reason not to present the claim in the prior amended complaint." *Fatir*, 2002 WL 2018824, at *8. That is undue, unexplained delay. *See, e.g.*, *Semiconductor Energy Lab. Co. v. Sanyo N. Am. Co.*, No. 00-018-GMS, 2001 WL 194303, at *2 (denying motion to amend the complaint to add two patents where the plaintiff "cannot claim that it needs any 'Highly Confidential Documents' to develop a good faith basis for infringement of the [two patents]" because the plaintiff had already possessed information needed to assert those claims); *see also, e.g.*, *Del. Display Grp. LLC*, 2016 WL 720977, at *9.

       Plaintiffs' proffered explanations for the addition of both the '148 and the '394 patents ring hollow for another reason: Plaintiffs have not acted with the diligence they now claim. Plaintiffs received Dropworks's core technical document production on October 4, 2020, and as of November 4, 2020, they had reviewed it for purposes of providing their infringement contentions, and yet Plaintiffs said nothing prior to November 20, 2020 about their plan to assert new patents. Then, in their November 20, 2020 email, Plaintiffs said that they planned to assert ***three*** new patents, Ansley Decl. Ex. 3, but a mere two business days later, on November 24, 2020, with no intervening new discovery, Plaintiffs withdrew the proposed addition of the '083 patent. Novikov Decl. Ex. 5. Plaintiffs have not explained that about-face, but Dropworks

assumes it stems from the fact that Dropworks's core technical documents—allegedly the basis of the proposed amendment—make clear that the Continuum System lacks the "non-fluorinated microchannels" required to infringe the claims of the '083 patent and so unquestionably does not infringe.  Had Plaintiffs conducted a diligent review of the core technical document production prior to November 20, 2020 for purposes of determining whether to add patents, they would not have included the '083 patent in their list.

Plaintiffs' lack of diligence is also shown by their persistent assertion of non-existent claims of the '365 patent.  The proposed Third Amended Complaint that Plaintiffs initially sent to Dropworks asserted "claims 10-17, 19, 21-25, 27-30, 32-43, 45, 47-53, 55-56, and 58" of the '365 patent.  Novikov Decl. Ex. 2 at ¶ 85.  These claims also appear in the infringement contentions, and the First and Second Amended Complaints listed out claim 36 as an exemplary infringed claim.  But most of these claims, including claim 36, do not exist.  *See* D.I. 27-4 at 18.  It is only after Dropworks pointed out that Plaintiffs' assertion of these non-existence claims was improper—indeed, likely patent misuse—that Plaintiffs dropped them.  *See* Ansley Decl. Ex. 3 at 3.  Either Plaintiffs intentionally asserted claims that do not exist or Plaintiffs did not read one of the patents that they were asserting.  Neither reflects diligence.

On this record, Plaintiffs have offered no good reason for not including the '148 patent and the '394 patent in an earlier amendment, and their request to add those patents now should be denied as unduly delayed.

> **B.   Unfair Prejudice to Dropworks Supports Denial of Leave to File the Third Amended Complaint**

Plaintiffs' proposed amendment should also be denied because it will unfairly prejudice Dropworks.  The analysis of unfair prejudice "focus[es] on the hardship to the defendants if the amendment were permitted," and "consider[s] whether allowing an amendment would result in

11

additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273; *see also Del. Display Grp. LLC*, 2016 WL 720977, at *7 ("In assessing [prejudice], courts look to factors including whether allowing an amendment would result in additional discovery, costs, and preparation to defend against new facts or new theories." (quotation omitted)).  These factors are present here.

  First, if the '148 and '348 patents had been added earlier, Dropworks could have taken them into account in deciding whether to pursue petitions for *inter partes* review, and, if it decided that pursing IPRs made sense in a case with seven asserted patents, it could have begun preparing the petitions for the additional patents earlier.  Plaintiffs argue that if Dropworks wanted to pursue an IPR strategy, Dropworks should have said so, but Dropworks did make that clear:  On August 5, 2020, Dropworks said that it was "considering whether to petition the PTAB to institute *inter partes* review proceedings regarding the patents asserted in this litigation but has not yet made a final determination."  D.I. 21 at ¶ 3.h.iii.  Then, on October 22, 2020, Dropworks filed its first petition, on the '193 patent.  *See* D.I. 22.  Plaintiffs' first mention that they wanted to again amend their complaint did not come until nearly a month later.  And of course Dropworks could not know that it needed to consider working on petitions on the '148 and '394 patents until very recently due to Plaintiffs' delay in asserting those patents.  Even if Dropworks acts quickly, those petitions will necessarily be filed later in the case than had the patents been asserted in an earlier amendment, such that institution decisions will also necessarily come later.  If amendment is permitted, Dropworks receives institution decisions on some or all of the previously-asserted patents, and Plaintiffs then oppose a stay of this case on the basis that there is no decision on the '148 and '394 patents, Dropworks will have been prejudiced by this amendment.  For that reason, Dropworks offered to agree to the amendment if

12

Plaintiffs agree to stay this case upon institution of at least one of Dropworks's petitions, *see* D.I. 51-5, but Plaintiffs outright rejected that request.

Second, this case is already past the stage of initial invalidity contentions and is rapidly approaching claim construction, with claim terms due to be exchanged on March 1, 2021. D.I. 22 at ¶ 7. Adding two more patents will increase the complexity of that process. *See Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. 15-819-LPS-CJB, 2017 WL 634642, at *2 (D. Del. Feb. 16, 2017) ("[T]he addition of the new patents will no doubt necessitate significant additional fact and expert discovery, claim construction and discovery dispute proceedings, and dispositive motion practice."). And adding those two additional patents at this stage of the case will also cause discovery delays. Dropworks served document requests and interrogatories seeking discovery in connection with the currently-asserted patents on August 12, 2020. *See* D.I. 29. That discovery did not address the '148 patent and '394 patent, because they were not asserted. And although the '148 patent is related to a patent-in-suit, the '394 patent is not, and has an entirely different slate of named inventors than any other patent in the case. Dropworks will need discovery on those two patents to prepare for claim construction and to prepare invalidity contentions, discovery which may not be able to be timely obtained at this point. Plaintiffs' argument that there is no prejudice to Dropworks because all of the patents are about droplet digital PCR is unpersuasive. "The correct inquiry for the court is what prejudice results from the *late* addition of claims rather than prejudice from the nature of the claims added." *Semiconductor Energy Lab. Co.*, 2001 WL 194303, at *3 (emphasis added). Here, there will be prejudice.

Third, even if the schedule were lengthened so as to mitigate that harm, the end result of Plaintiffs' requested amendment would be a case in which seven patents are asserted, from

13

several unrelated patent families, to be subject to a presumptively five-day jury trial. *See Integra Lifesciences Corp.*, 2017 WL 634642, at *1 ("Defendant is, relatedly, also understandably concerned with how a jury will be able to grasp its arguments at trial, were a case as large as this [6 patents] to become ever larger after amendment [8 patents]."). Dropworks will also be prejudiced by the difficulties in defending itself it adequately at trial.

If the Court is inclined to permit the amendment, Dropworks would respectfully request that the Court schedule a status conference to discuss an appropriate schedule in view of Plaintiffs' new assertions.

## VI. CONCLUSION

For the above reasons, Dropworks respectfully requests that the Court deny Plaintiffs' motion to file a Third Amended Complaint.

OF COUNSEL:

Daralyn J. Durie
Eugene Novikov
Andrew L. Perito
Eneda Hoxha
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300
ddurie@durietangri.com
enovikov@durietangri.com
aperito@durietangri.com
ehoxha@durietangri.com

Kira A. Davis
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013

By: */s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Defendant DROPWORKS, INC.*

14

Telephone: 213-992-4499
Facsimile: 415-236-6300
kdavis@durietangri.com

Dated: January 6, 2021

15