IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIO-RAD LABORATORIES, INC., THE UNIVERSITY OF CHICAGO, LAWRENCE LIVERMORE NATIONAL SECURITY LLC, and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Plaintiffs, <br><br> v. <br><br> DROPWORKS, INC. <br> Defendant. | C.A. No. 20-cv-506-RGA <br><br> **DEMAND FOR JURY TRIAL** |

## PLAINTIFFS' ANSWER TO DROPWORKS, INC.'S COUNTERCLAIMS

Plaintiffs Bio-Rad Laboratories, Inc. ("Bio-Rad"), the University of Chicago, Lawrence Livermore National Security LLC ("LLNS"), and President and Fellows of Harvard College ("Harvard University") (collectively, "Plaintiffs") submit this Answer to the Counterclaims of Defendant Dropworks, Inc. ("Dropworks" or "Defendant"). To the extent not specifically admitted herein, the allegations of the Counterclaims are denied, including any allegations contained in the headings of the Counterclaims.

Plaintiffs deny each and every allegation in the Counterclaims that is not specifically admitted, denied, or otherwise responded to in this Answer.

### NATURE OF THE ACTION

1. Plaintiffs admit that Defendant purports to be seeking a declaration that the '193 patent, '310 patent, '780 patent, '365 patent, '289 patent, '148 patent, and '394 patent are invalid. Plaintiffs admit that Defendant purports to be seeking a declaration that it does not infringe the '193 patent, '310 patent, '780 patent, '365 patent, '289 patent, '148 patent, and '394 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 1.

## THE PARTIES

2.  Plaintiffs admit, upon information and belief, that Dropworks is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2560 55th Street, Suite 100, Boulder, CO 80301. Plaintiffs otherwise deny the remaining allegations of paragraph 2.

3.  Admitted.

4.  Admitted

5.  Plaintiffs admit that LLNS is an entity under contract with the U.S. Department of Energy's National Nuclear Security Administration (NNSA) and having a principal place of business at 2300 First Street, Suite 203, Livermore, California 94550. Plaintiffs otherwise deny the remaining allegations of paragraph 5.

6.  Plaintiffs admit that Harvard University is a university incorporated as a Massachusetts not-for-profit institution, having a principal place of business at 1563 Massachusetts Avenue, Cambridge, Massachusetts 02138. Plaintiffs otherwise deny the remaining allegations of paragraph 6.

## JURISDICTION AND VENUE

7.  Plaintiffs admit that Defendant purports to bring these counterclaims under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.* Plaintiffs further admit that to the extent this Court has subject matter jurisdiction over the Third Amended Complaint, the Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. Paragraph 8 asserts legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit for purposes of this action only that this Court has personal jurisdiction over Plaintiffs.

9. Paragraph 9 asserts legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit for purposes of this action only that venue in this judicial district is proper over the Counterclaims.

**FIRST COUNTERCLAIM**

**(Declaratory Judgement of Invalidity of the '193 Patent)**

10. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

11. Plaintiffs admit that they have expressly accused Dropworks of infringing the '193 patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '193 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 11.

12. Plaintiffs admit that Defendant purports that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '193 patent is invalid under 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116. Plaintiffs otherwise deny the remaining allegations of paragraph 16.

## SECOND COUNTERCLAIM

### (Declaratory Judgement of Non-Infringement of the '193 Patent)

17. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

18. Admitted.

19. Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '193 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 19.

20. Denied.

21. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 21.

22. Plaintiffs admit that Defendant purports to seek judicial declaration and determination that Dropworks does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '193 patent, and is not liable for any alleged infringement of the '193 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 22.

## THIRD COUNTERCLAIM

### (Declaratory Judgement of Invalidity of the '310 Patent)

23. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

24. Plaintiffs admit that they have expressly accused Dropworks of infringing the '310 patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '310 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 24.

25. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 25.

26. Denied.

27. Denied.

28. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '310 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs otherwise deny the remaining allegations of paragraph 28.

## FOURTH COUNTERCLAIM

### (Declaratory Judgement of Non-Infringement of the '310 Patent)

29. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

30. Admitted.

31. Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '310 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 31.

32. Denied.

33. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 33.

34. Plaintiffs admit that Defendant purports to seek judicial declaration and determination that Dropworks does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '310 patent, and is not liable for any alleged infringement of the '310 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 34.

## FIFTH COUNTERCLAIM

### (Declaratory Judgement of Invalidity of the '780 Patent)

35. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

36. Plaintiffs admit that they have expressly accused Dropworks of infringing the '780 patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '780 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 36.

37. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 37.

38. Denied.

39. Denied.

40. Admitted.

41. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '780 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs otherwise deny the remaining allegations of paragraph 41.

### SIXTH COUNTERCLAIM

**(Declaratory Judgement of Invalidity of the '780 Patent under 35 U.S.C. § 251)**

42. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

43. Denied.

44. Denied.

45. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '780 patent is invalid under 35 U.S.C. § 251. Plaintiffs otherwise deny theremaining allegations of paragraph 45.

### SEVENTH COUNTERCLAIM

**(Declaratory Judgement of Non-Infringement of the '780 Patent)**

46. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

47. Admitted.

48. Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '780 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 48.

49. Denied.

50. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 50.

51. Plaintiffs admit that Defendant purports to seek judicial declaration and determination that Dropworks does not infringe and has not directly or indirectly infringed, either literallyor under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '780 patent, and is not liable for any alleged infringement of the '780 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 51.

## EIGHTH COUNTERCLAIM

**(Declaratory Judgement of Invalidity of the '365 Patent)**

52. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

53. Plaintiffs admit that they have expressly accused Dropworks of infringing the '365 patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '365 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 53.

54. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 54.

55. Denied.

56. Denied.

57. Admitted.

58. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '365 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs otherwise deny the remaining allegations of paragraph 58.

## NINTH COUNTERCLAIM

**(Declaratory Judgement of Invalidity of the '365 Patent under 35 U.S.C. § 251)**

59. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

60. Denied.

61. Denied.

62. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '365 patent is invalid under 35 U.S.C. § 251. Plaintiffs otherwise deny theremaining allegations of paragraph 62.

## TENTH COUNTERCLAIM

**(Declaratory Judgement of Non-Infringement of the '365 Patent)**

63. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

64. Admitted.

65. Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '365 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 65.

66. Denied.

67. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 67.

68. Plaintiffs admit that Defendant purports to seek judicial declaration and determination that Dropworks does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the

infringement of any valid claim of the '365 patent, and is not liable for any alleged infringement of the '365 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 68.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgement of Invalidity of the '289 Patent)

69. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

70. Plaintiffs admit that they have expressly accused Dropworks of infringing the '289 patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '289 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 70.

71. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 71.

72. Denied.

73. Denied.

74. Admitted.

75. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '289 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs otherwise deny the remaining allegations of paragraph 75.

## TWELTH COUNTERCLAIM

### (Declaratory Judgement of Non-Infringement of the '289 Patent)

76. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

77. Admitted.

78. Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '289 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 78.

79. Denied.

80. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 80.

81. Plaintiffs admit that Defendant purports to seek judicial declaration and determination that Dropworks does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '289 patent, and is not liable for any alleged infringement of the '289 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 81.

## THIRTEENTH COUNTERCLAIM

### (Declaratory Judgement of Invalidity of the '148 Patent)

82. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

83. Plaintiffs admit that they have expressly accused Dropworks of infringing the '148 patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '148 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 83.

84. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 84.

85. Denied.

86. Denied.

87. Admitted.

88.     Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '148 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs otherwise deny the remaining allegations of paragraph 88.

## FOURTEENTH COUNTERCLAIM

### (Declaratory Judgement of Non-Infringement of the '148 Patent)

89.     Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

90.     Admitted.

91.     Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '148 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 91.

92.     Denied.

93.     Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 93.

94.     Plaintiffs admit that Defendant purports to seek judicial declaration and determination that Dropworks does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '148 patent, and is not liable for any alleged infringement of the '148 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 94.

## FIFTEENTH COUNTERCLAIM

### (Declaratory Judgement of Invalidity of the '394 Patent)

95.     Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

96.     Plaintiffs admit that they have expressly accused Dropworks of infringing the '394

patent in the Third Amended Complaint. Plaintiffs also admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '394 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 96.

97. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 97.

98. Denied.

99. Denied.

100. Denied.

101. Admitted.

102. Plaintiffs admit that Defendant purports to seek a declaratory judgement that the '394 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs otherwise deny the remaining allegations of paragraph 102.

## SIXTEENTH COUNTERCLAIM

### (Declaratory Judgement of Non-Infringement of the '394 Patent)

103. Plaintiffs reassert and incorporate by reference their responses set forth in the preceding paragraphs as if fully set forth herein.

104. Admitted.

105. Plaintiffs admit that an actual and justiciable controversy exists between Dropworks and Plaintiffs with regard to infringement of the '394 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 105.

106. Denied.

107. Plaintiffs admit that a judicial declaration and determination is appropriate in this case. Plaintiffs otherwise deny the remaining allegations of paragraph 107.

108. Plaintiffs admit that Defendant purports to seek judicial declaration and

determination that Dropworks does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '394 patent, and is not liable for any alleged infringement of the '394 patent. Plaintiffs otherwise deny the remaining allegations of paragraph 108.

## RESPONSE TO JURY DEMAND

Plaintiffs admit that Dropworks requests a jury trial on all claims so triable.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiffs deny that Dropworks is entitled to any relief whatsoever, including the relief requested by Dropworks from either Bio-Rad, the University of Chicago, LLNS, Harvard University, or this Court, either as prayed for in the Answer, Counterclaims or otherwise.

## RESPONSE DROPWORKS' JURY DEMAND

Plaintiffs admit that Dropworks requests a jury trial on all claims and counterclaims so triable.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden other than those imposed by operation of law, and without admitting that it bears the burden of proof with respect to any of the following, Plaintiffs allege as

follows from the facts presently known to them, while reserving the right to add additional defenses based on facts learned in discovery or otherwise.

## FIRST DEFENSE

### (Failure to State a Claim)

Dropworks has failed to state a claim upon which relief can be granted.

### Reservation of Additional Defenses

Plaintiffs are currently without sufficient knowledge or information upon which to form a belief as to whether additional defenses or counterclaims are available. Therefore, Plaintiffs reserve the right to amend this Answer to assert any such additional defenses based on legal theories that may become apparent through discovery or through further legal analysis of Dropworks's positions, claims and allegations in this litigation.

### JURY DEMAND

Plaintiffs request a jury trial on all claims so triable.

**PRAYER FOR RLIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.  That judgement on each of the Dropworks's counterclaims be entered in favor or Plaintiffs;

B.  Awarding Plaintiffs the relief prayed for in the Third Amended Complaint;

C.  Awarding Plaintiffs such other relief as the Court deems just and proper.

Dated: April 5, 2021

Respectfully submitted,

FARNAN LLP

 /s/ *Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
*Attorneys for Plaintiffs Bio-Rad Laboratories, Inc., The University of Chicago, Lawrence Livermore National Security LLC, and President and Fellows of Harvard College*